IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ESTATE OF ERIKA ROCHA, et al.,** | 5:17-cv-00869 GW (FFMx) |
| Plaintiffs, | [~~PROPOSED~~] **STIPULATED PROTECTIVE ORDER** |
| **v.** | |
| **CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,** | Judge: The Honorable Federick F. Mumm |
| | Action Filed: 5/4/2017 |
| Defendants. | |

This action is likely to involve the disclosure of confidential materials that implicate the privacy rights of third parties, material that may negatively impact the institutional security of the California Department of Corrections and Rehabilitation, and material that is otherwise protected from disclosure under state or federal statutes, court rules, case decisions or common law. The Court recognizes that at least some of the documents and information (materials) being sought through discovery in the above-captioned action are normally kept confidential by the parties.

/ / /

The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. **THEREFORE:**

**DEFINITIONS**

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs. The materials to be exchanged throughout the course of the litigation between the parties may contain confidential information, reports, memorandum, recordings, or information protected by privacy or official information privileges as contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). For the purposes of this protective order, "confidential information" includes, but is not limited to:

/ / /

2

i. Personnel records of all CDCR employees officers, including disciplinary investigations, citizen complaints, informal complaints, and other documents related to job performance;

ii. Medical or psychological history records, records of treatment for medical or psychological conditions;

iii. Training materials;

iv. Materials from a third-party inmate's central file as that term is defined in California Code of Regulations title 15, § 3000 and California Penal Code § 2081.5, including, an inmate's chronological history, court records documenting commitment offenses, classification documents, housing statuses, inmate grievances, staff complaints made by an inmate, documents detailing any disciplinary investigation taken against an inmate, general and medical chronos, victim information and/or notification orders, detainers, and parole information;

v. Any records of personal information regularly maintained by an agency as those terms are defined by California Civil Code § 1798.3;

vi. Information designated as confidential under California Code of Regulation title 15, § 3321(a); and

vii. Information traditionally protected under the "Official Information Privilege" as that term has been defined by *Kelly v. San Jose*, 114 F.RD. 653 (N.D. Cal. 1987). Inclusion of this category of potentially confidential information does not waive a receiving party's right to challenge application of privilege at any time during the litigation to any such information for which it is claimed.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters;

statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.   The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed by counsel of record, including any retained experts.

### GENERAL RULES

4.   Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL."

5.   Designation as "CONFIDENTIAL": Any party may designate confidential information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to a party or non-party.  Designation in conformity with this Order requires:

(a)   for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins);

(b)   for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(c)   In the event the producing party elects to produce materials via inspection, no marking need be made by the producing party in advance of the initial inspection.  For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

(d)   Whenever a deposition taken on behalf of any party involves a disclosure of confidential information of any party:

i.   the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing confidential information after transcription of the proceedings; [A] party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

ii.   the disclosing party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), parties to this case, the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

iii.   the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.   Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated as "CONFIDENTIAL" before the material is disclosed or produced.

8.   All confidential information designated as "CONFIDENTIAL" shall not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

9.   All confidential information designated "CONFIDENTIAL" shall only be viewed by counsel (as defined in paragraph 3) of the receiving party, the receiving party, and by any independent experts of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action, provided that each and every such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.  Materials designated "CONFIDENTIAL" under paragraph 1(vi) may be restricted to counsel and retained experts.

10.   All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information

/ / /

under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

11    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as "CONFIDENTIAL" are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal pursuant to the procedures set forth in Local Rule 79-5.

12.    At any stage of these proceedings, any party may object to a designation of the materials as "CONFIDENTIAL" at any time that is consistent with the court's scheduling order.  The party challenging the designation shall initiate the United States District Court for the Central District's dispute resolution process as outlined by Local Rule 37-1. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

13.    All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information.  If confidential information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights

/ / /

and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as "CONFIDENTIAL" in accordance with this Order.

15. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

16. Nothing within this order will prejudice the right of any party to object to the production of any discovery material on any ground, including material that is protected as privileged or as attorney work product, or is beyond of discovery under Federal Rule of Civil Procedure 26(b)(1), or is protected by any other privilege recognized by federal common law.

17. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any

copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.

Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

19. The restrictions and obligations set forth within this order will not apply to any information that:

      (a)   the parties agree should not be designated confidential information;

      (b)   the parties agree, or the Court rules, is already public knowledge;

      (c)   the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

      (d)   has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by preproduction documentation.

20. The restrictions and obligations within this order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

21. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

22. This Order may be modified by agreement of the parties, subject to approval by the Court.

/ / /

23.   The Court may modify the terms and conditions of the Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO ORDERED this twentieth day of May, 2019.

        /S/ Frederick F. Mumm
Honorable Frederick F. Mumm
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

that I have read in its entirety and understand the Stipulated Protective Order that

was issued by the United States District Court for the Central District of California

on [date] in the case of *Estate of Erika Rocha v. CDCR, et al.* USDC, C.D. Cal.,

Case No. 5:17-cv-00869 GW (FFMx).  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt.  I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective

Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____